# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

AMANDA M. STEVENSON,

                    **Plaintiff,**

-vs-                                              **Case No.  6:10-cv-1624-Orl-28DAB**

RBC BANK USA, INC.,

                    **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT (Doc. No. 27)** |
| **FILED:** | **August 18, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The parties filed a Notice of Settlement in this Fair Labor Standards Act ("FLSA") case, and submitted the settlement agreement  for a fairness review.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  As it appears that Plaintiff has been compensated in full, the Court **recommends** that the motion be granted, the settlement be approved and the case be dismissed.

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the  context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees

bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id*. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Applied here, according to the Joint Motion, the parties have settled the FLSA claim which is the subject of this suit, and have also settled all other employment related claims, including those relating to a Charge of Discrimination pending before the EEOC.  Recognizing the need for Court review of the settlement to the extent it implicates the FLSA claim, the parties have entered into a separate agreement with respect to the FLSA claim, and it is that agreement that is presented for review here.

Pursuant to the terms of the agreement, and without acknowledging any wrongdoing, the Defendant has offered to pay and the Plaintiff has agreed to accept $5,202.53, in full settlement of her FLSA claim, as follows: (1) $3,240.00 to the Plaintiff in full satisfaction of her unpaid wage and overtime claims; (2) $1,500.00 to the Plaintiff's attorneys in full satisfaction of her attorneys' fees

associated with these claims; and (3) $462.53 to the Plaintiff's attorney for costs in connection with the filing of this action.  As detailed in impressive fashion in the motion:

> The settlement range of the Plaintiff's unpaid overtime claim is $0 to $3,240.00. If the Plaintiff was properly classified as exempt from overtime, her damages are $0. If, as Plaintiff claims, (1) she was improperly classified as exempt, (2) she was earning $30,000 per year at time of discharge, and (3) she was working 1 to 2 hours in excess of 40 hours per week (i.e., 1.5 overtime hours per week) but was required to only report 40 hours per week, then, her regular hourly rate equaled $15.00 per hour and her overtime rate equaled $22.50 per hour. For the period of time April 2009 through April 2010 (i.e., approximately 48 workweeks), total overtime hours equal 72 overtime hours (i.e., 48 workweeks multiplied by an estimated 1.5 overtime hours per workweek). Therefore, Plaintiff's back pay totals $1,620.00 (i.e., 72 overtime hours multiplied by $22.50), and with an additional $1,620.00, Plaintiff has obtained full relief under this agreement.

(Doc. No. 27 at 6-7).

As the parties agree that Plaintiff has obtained "full relief" under this agreement, there is no "compromise" to review.  Full recompense is *per se* fair and reasonable.  As for the attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The Eleventh Circuit Court of Appeals has recently clarified this holding to make clear, however, that "[t]he FLSA plainly requires that the plaintiff receive a *judgment* in his favor to be entitled to attorney's fees and costs." *Dionne v. Floormasters Enterprises, Inc.*, – F.3d –, 2011 WL 3189770, 6 (11th Cir. 2011) (emphasis added - affirming decision denying attorney's fees where court granted motion to dismiss after defendant denied liability but tendered full payment of alleged damages to resolve case and render it moot).  As the impact of *Dionne* has yet to be determined, and as the instant motion presents the fee as part of a stipulated

settlement with both sides urging approval, the Court reviews the fee under the traditional FLSA analysis.

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 Fed.Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case). Here, the parties acknowledge that Plaintiff will receive full compensation on her claim plus $1,500.00 to the Plaintiff's attorneys in "full satisfaction" of the attorney's fees associated with the claim. As long as counsel does not seek to recover anything further from Plaintiff, her recovery is not compromised by the fee agreement and the Court sees no reason to review it. The Court finds the settlement to be *per se* reasonable, and further analysis is not necessary.

As the Court finds the agreement to be a fair and reasonable resolution of a bona fide FLSA dispute, it is **respectfully recommended** that the motion be **granted**, the settlement be approved, and the Complaint be dismissed, with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 19, 2011.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy